UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JARVIS,

           Plaintiff,

                                                        Case Number 08-14221-BC
v.                                                 Honorable Thomas L. Ludington

LAWRENCE EATON, TREVOR
DEMOINES, ROGER SABINS,

           Defendants.
_____/

### ORDER CANCELING HEARING, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE, AND DECLINING JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

On October 2, 2008, Plaintiff John Jarvis ("Plaintiff") filed a twelve-count complaint against the County of Gladwin ("the County") and three individuals: Detective Lawrence Eaton ("Detective Eaton"); Corrections Officer Trevor Demoines ("CO Demoines"); and Court Security Officer Roger Sabins ("CSO Sabins") (collectively "Defedants"), as individuals and as agents of Gladwin County. The complaint stems from an altercation in a courthouse elevator on August 16, 2007, and a prior altercation in a police car on May 16, 2006 [Dkt. #1]. Plaintiff alleges multiple violations of 42 U.S.C. § 1983 that he identifies as wrongful arrest, detention and confinement, assault, battery, malicious prosecution, and refusing or neglecting to prevent § 1983 violations. Plaintiff also alleges state law claims for false imprisonment, false arrest, and intentional infliction of emotional distress.

Defendants filed a motion for summary judgment challenging all of Plaintiff's claims against the County seeking dismissal of Plaintiff's wrongful arrest claim on November 30, 2009 [Dkt. # 17]. The Court dismissed all claims against the County with prejudice because the County did not

maintain a custom or policy that encouraged its law enforcement officers to commit the alleged constitutional violations as would be required for Plaintiff to successfully bring municipal liability claims again the County. Plaintiff acknowledged that the County was entitled to summary judgment on his claims on these grounds. The Court dismissed Plaintiff's § 1983 wrongful arrest claim against Detective Eaton, CO Demoines, and CSO Sabins without prejudice for failure to state a claim. Plaintiff's alleged § 1983 detention and confinement, assault, battery, malicious prosecution, and refusing or neglecting to prevent § 1983 violations, and Plaintiff's false imprisonment, false arrest, and intentional infliction of emotional distress claims under Michigan law remained. Plaintiff was granted leave to amend and he filed an amended complaint on February 11, 2010 [Dkt. #24]. Defendants filed an answer to the amended complaint on February 19, 2010 [Dkt. #25].

Now before the Court is Defendants' second motion for summary judgment [Dkt. # 31] asserting absolute or qualified immunity from damages resulting from Defendants' testimony at Plaintiff's preliminary examination and trial on which Plaintiff bases his § 1983 claims. Defendants maintain that a fundamental factual allegation to "Plaintiff's claims alleged in Counts I through IX" is that the Defendants, as witnesses, provided false testimony on three separate dates: at Plaintiff's preliminary examination on January 28, 2008, and Plaintiff's criminal trial on April 29, 2008 and on April 30, 2008. Def.s' Br. in Supp. of Second Mot. for Summ. J. 4. Plaintiff does not dispute Defendants' assertion that the Defendants' alleged false testimony is a necessary element to Plaintiff's Counts I through IX in his amended complaint. Defendants further assert that Plaintiff has failed to state a claim upon which relief can be granted for Plaintiff's claims under Michigan law because Plaintiff has not established lack of probable cause for Plaintiff's arrest. Defendants' motion was filed on May 21, 2010. Plaintiff filed a response on June 11, 2010 [Dkt. #33], and

Defendants filed a reply on June 25, 2010 [Dkt. #34].

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will **GRANT** Defendants' motion for summary judgment on the merits of Plaintiff's § 1983 claims and **DECLINE** to exercise jurisdiction over Plaintiff's state law claims.

I

On August 16, 2007, after being arrested for probation violations, Plaintiff was housed in the Gladwin County Jail ("the Jail") where Defendants were working as employees of the Gladwin County Sheriff's Department. Def.s' Br. in Supp. of Mot. for Summ. J. 4 [Dkt. #17]; Am. Compl. ¶¶ 7-8 [Dkt. #24]. Plaintiff was transported by Defendants to the Gladwin County Circuit Court ("the Circuit Court") to be arraigned for probation violations and after the arraignment concluded was transported back to the Jail by CSO Sabins with the assistance of Detective Eaton and CO Demoines. Def.s' Br. in Supp. of Mot. for Summ. J. 4; Am. Compl. ¶ 10. The parties' accounts of the events during Plaintiff's transport back to the Jail differ significantly.

With respect to the August 16, 2007 incident, Plaintiff asserts he was assaulted and battered by Detective Eaton and CO Demoines without provocation. More specifically, Plaintiff alleges that Detective Eaton lunged at Plaintiff, and held him against the wall of the elevator by his neck while CO Demoines kneed Plaintiff in the groin area. Am. Compl. ¶¶ 11-13, 35. Plaintiff further asserts that while Detective Eaton and CO Demoines engaged in knee striking, pushing, shoving, punching, and holding Plaintiff by the throat, CSO Sabins negligently stood idle and did not stop the assaulting

and battering. *Id.* ¶ 14.

Defendants assert a different version of the events. Defendants alleged that during his arraignment, Plaintiff behaved belligerently, irrationally, and exhibited threatening behavior towards the Judge. *Id.* Defendants escorted Plaintiff out of the courtroom located on the third floor of the courthouse after the arraignment concluded. *Id.* 5. Defendants allege that while waiting for the elevator Plaintiff made several threatening comments towards the officers present. *Id.* Detective Eaton alleges that once they entered the elevator, Plaintiff threatened to "kick [Detective Eaton's] ass" and raised his handcuffed hands in front of him, striking Detective Eaton on the shoulder. *Id.* Detective Eaton then moved forward with his arms extended in front of him in an effort to block Plaintiff and push him backward. *Id.* Detective Eaton and CO Demoines maintain that both officers repeatedly told Plaintiff to stop resisting and delivered several knee strikes in an attempt to immobilize Plaintiff during the scuffle. *Id.* At some point during the altercation, Detective Eaton's gun which was secured by an ankle holster fell onto the elevator floor. *Id.* 5-6. Detective Eaton believed Plaintiff was attempting to reach for his weapon and, in an effort to prevent Plaintiff's success, grabbed him by the throat and pushed him in an upwards motion. *Id.* 6. Plaintiff was subsequently charged with one count of disarming a peace officer, two counts of assaulting a prison employee, and one count of assaulting, resisting, or obstructing a police officer. A jury found him not guilty of these charges on April 30, 2008.

Plaintiff's complaint provides few details regarding his May 16, 2006 arrest. Plaintiff alleges that Defendant Eaton participated in his arrest, and in doing so placed Plaintiff in the backseat of a police car. Am. Compl. ¶¶ 22-23. Plaintiff alleges that Defendant Eaton, without cause, instructed the deputy driving the police car to pull over, entered the backseat with Plaintiff,

and pepper sprayed Plaintiff in the eyes before elbowing Plaintiff in the eye. *Id.* ¶ 24.

Defendant Eaton alleges that Plaintiff was arrested on May 16, 2006 after making a bomb threat. Def.s' Br. in Supp. of Mot. for Summ. J. 6. During transport to the Jail from Plaintiff's arrest at his home, Detective Eaton alleges that Plaintiff was yelling, screaming, and making threatening statements towards Detective Eaton and the assisting Gladwin County Sheriff's Deputy, Laura Rico ("Deputy Rico"). *Id.* Detective Eaton alleges that Plaintiff then began banging his head against the partition separating the front and rear compartments of the patrol vehicle and against the rear passenger window. *Id.* Deputy Rico allegedly warned Plaintiff to stop and upon his refusal, Deputy Rico pulled the vehicle over and asked Detective Eaton to pepper spray Plaintiff through the rear passenger window. *Id.* 7.

Plaintiff alleges in his "Common Allegations" that on or about January 28, April 29, and April 30, 2008, Detective Eaton, CO Demoines, and CSO Sabins provided false testimony to the court regarding the events of August 16, 2007. Additional facts were developed by the parties' papers but are not relevant to deciding the instant motion.

II

Under Federal Rule of Civil Procedure 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A fact is

"material" if its resolution affects the outcome of the case. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics and Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002).

The party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The party who bears the burden of proof must present a jury question as to each element of the claim, *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000), rather than raise only "metaphysical doubt as to the material facts" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895 (6th Cir.

1991).

III

Plaintiff's amended complaint alleges multiple violations of 42 U.S.C. § 1983. Defendants allege that Plaintiff does not dispute that each of his claims are based on Defendants allegedly giving knowingly false testimony in order to establish probable cause. As will be discussed below, Defendants are entitled to summary judgment on Plaintiff's § 1983 claims because Defendants enjoy absolute immunity for damages based on testimony provided at judicial proceedings.

A

Defendants contend that they are entitled to absolute immunity on all claims with respect to their testimony at Plaintiff's January 28, 2008 preliminary examination and at Plaintiff's April 29-30, 2008 criminal trial. The doctrine of absolute immunity for witness testimony is "a shield to ensure that those individuals intimately involved in the judicial process are able to carry out their responsibilities without the constant threat of vexatious lawsuits." *Spurlock v. Satterfield*, 167 F.3d 995, 1003-04 (6th Cir. 1999). A witness's apprehension of subsequent damages liability might induce self-censorship by reluctance come forward to testify. *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983). Upon taking the stand, a witness's testimony might be distorted by the fear of subsequent liability. *Id.* Furthermore, a "witness who knows that he might be forced to defend a subsequent lawsuit, and perhaps to pay damages, might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence." *Id.* The truth-finding process is "better served if the witness's testimony is submitted to 'the crucible of the judicial process so that the factfinder may consider it, after cross-examination, together with the other evidence in the case to determine where the truth

lies.'" *Id.* at 333-34 (citing *Imbler v. Pachtman*, 424 U.S. 409, 440 (1976) (White, J., concurring). Defendants contend that absolute immunity extends to the preliminary examination as an adversarial proceeding similar to trial, noting that they were subject to testify as any other witness, sworn to tell the truth, and subject to cross examination, and, as a result, should not fall under the "complaining witness" exception to absolute immunity. Unlike qualified immunity, "[t]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

In his reply to Defendants' second motion for summary judgment, Plaintiff asserts that Defendants are not entitled to absolute immunity because such immunity does not typically extend to police officers, that Detective Eaton, as a police officer, is a "complaining witness" and not a "testifying witness," and that the testimony given was perjurous. Pl.'s Br. in Opp'n to Def.s' Second Mot. for Summ. J. 10-11. Although government officials enjoy only qualified immunity as to their pretrial conduct, "all witnesses-police officers as well as lay witness-are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Briscoe*, 460 U.S. at 328; *Moldowan v. City of Warren*, 570 F.3d 698, 735 (6th Cir. 2009). As with any witness, police officers enjoy absolute immunity for any testimony delivered "at adversarial judicial proceedings," including preliminary examination testimony. *Moldowan*, 570 F.3d at 735-36 (citing *Gregory v. City of Louisville*, 444 F.3d 725, 738 (6th Cir. 2006); *McGuire v. Warner*, No. 05-40185, 2009 WL 2423173, at *2-3 (E.D. Mich. Aug. 3, 2009) (rejecting the plaintiff's contention that the "complaining witness exception" applies to pretrial testimony, stating that *Moldowan* made clear that the exception would not apply to preliminary examination testimony because the "complaining witness exception" does not extend to testimony delivered at "adversarial judicial proceedings").

This is true as to witness testimony provided at a judicial proceeding regardless of whether any witness defendant previously signed the arrest warrant as the complaining witness. *See Moldowan*, 570 F.3d at 735-36.

Plaintiff additionally asserts that the instant case is similar to *Vakilian v. Shaw*, 335 F.3d 509 (6th Cir. 2003), and Defendants, because they allegedly gave false testimony, should not be protected by absolute immunity. Pl.'s Br. in Opp'n to Def.s' Second Mot. for Summ. J. 10-11. In *Vakilian*, the plaintiff similarly brought a § 1983 claim against the defendant for allegedly giving knowingly false testimony to a judge in order to demonstrate probable cause for an arrest warrant. However, the court in *Vakilian* declined to extend absolute immunity to the defendant because his testimony was provided in an *ex parte* proceeding and, as a result, was not that of an ordinary witness subject to the adversary process inherent in a trial. 335 F.3d at 516. The court found that because the defendant was not subject to the traditional judicial function of an adversarial proceeding, his actions were that of a "complaining witness" rather than a "testifying witness." *See id.* Although there is a well-established exception to the doctrine of absolute testimonial immunity "insofar as [an official] performed the function of a complaining witness," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *see also Malley v. Briggs*, 475 U.S. 335, 340-41 (1986), that exception does not extend to testimony delivered in judicial proceedings. *See Vakilian*, 335 F.3d at 516; *Spurlock*, 167 F.3d at 1003-04 (distinguishing between testimonial and pre-trial conduct).

In the Sixth Circuit, witnesses are immune from suit "no matter how egregious or perjurious that testimony was alleged to have been." *Moldowan*, 578 F.3d at 390 (citation omitted); *Spurlock*, 167 F.3d at 1001. Moreover, "the mere fact that [a] plaintiff[] may allege a conspiracy to render false testimony, as opposed to simply alleging that one person testified falsely at trial, does not

waive absolute testimonial immunity." *Spurlock*, 167 F.3d at1001. The doctrine of witness immunity also protects conspiracies to render false testimony; therefore, a plaintiff may not circumvent absolute immunity by alleging that multiple defendants conspired to commit perjury. *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) (per curiam).

Plaintiff's allegations in Counts I-V, VIII, and X-XI are based on Defendants' trial and preliminary examination testimony. As a result, Defendants are entitled to summary judgment on Plaintiff's § 1983 claims because they enjoy absolute immunity from proceedings based on testimony provided at Plaintiff's preliminary examination on January 28, 2008, and Plaintiff's criminal trial on April 29-30, 2008. Because Defendants have established that they are entitled to absolute immunity, this Court need not address Defendants' Rule 56 qualified immunity challenge because absolute immunity entirely bars Plaintiff's § 1983 claims.

B

Defendants' motion challenges the pleading sufficiency of Plaintiff's false imprisonment, false arrest, and intentional infliction of emotional distress claims under Michigan law. However, because Defendants are entitled to summary judgment on all of Plaintiff's § 1983 claims, the Court will decline to exercise jurisdiction over Plaintiff's state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed.").

VI

Accordingly, it is **ORDERED** that the hearing scheduled for August 31, 2010, is **CANCELED**.

It is further **ORDERED** that Defendants' second motion for summary judgment [Dkt. # 31] is **GRANTED**.

It is further **ORDERED** that Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**, and the Court **DECLINES JURISDICTION** over Plaintiff's state law claims.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 13, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS